UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE PUBLICOVER,
on behalf of himself and on behalf of
all other similarly situated,

     Plaintiff,

v.                              Case No.:

BTI, INC. OF ALPHARETTA, GA,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGE PUBLICOVER, by and through undersigned counsel, on behalf of himself and on behalf of all other similarly situated, brings this action against Defendant, BTI, INC. OF ALPHARETTA, GA, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.    Venue is proper in the Northern District of Georgia, because a substantial portion of the events giving rise to these claims occurred in Fulton County, Georgia.

## PARTIES

4.    Plaintiff is a resident of Hillsborough County, Florida.

5.      Defendant operates a retail merchandise installation business in Alpharetta, located in Fulton County, Georgia.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Named Plaintiff GEORGE PUBLICOVER was employed by Defendant as a Site Manager.

10.      The putative class of similarly situated employees consists of all other Site Managers employed by Defendant within the last three years.  These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.      At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant within the meaning of the FLSA.

12.      At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13.      Defendant continues to be an "employer" within the meaning of the FLSA.

14.      At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15.      At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16.      At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

2

17.     At all times material hereto, Plaintiff and Members of the Class, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

18.     Specifically, Plaintiff and the Class were not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff and Members of the Class had no authority to hire or terminate any other employee of Defendant; they had no special or professional qualifications and skills for the explicit use of which they was employed by Defendant; and they had no control whatsoever over Defendant's business operations, even from an administrative standpoint.

19.     Thus, Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

20.     At all times material hereto, the work performed by Plaintiff and Members of Class was directly essential to the business performed by Defendant.

## FACTS

21.     Named Plaintiff began working for Defendant as a Site Manager in 2000, and he is presently occupied in this capacity.

22.     At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

23.     Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

3

24.     Defendant misclassified Plaintiff and Members of the Class as "exempt" employees, notwithstanding their job duties that demonstrate they are non-exempt under the provisions of the FLSA.

25.     Plaintiff and Members of the Class do not have the ability to exercise any independent judgment or discretion within their role for Defendant.

26.     Specifically, Plaintiff and the Class follow strict company protocols to fulfill their job duties, including inspecting deliveries, documenting any damaged goods, reordering missing parts, and instructing clients on how to install equipment.

27.     Plaintiff and the Class supervise no other employees of Defendant.

28.     Plaintiff and the Class do not have the authority to make repair or replacement decisions, recommendations to improve the delivered goods, or sales, and Plaintiff and the Class have no authority to issue refunds to customers.

29.     Named Plaintiff has complained to Defendant about his improper classification as an exempt employee, and Defendant insisted that he was exempt and refused to pay him an overtime premium.

30.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Site Managers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

32.     Therefore, Notice is properly sent to: "All Site Managers whom Defendant failed to compensate for all of the overtime hours that they worked from March 2013 to the present."

33.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

34.     Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

35.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

36.     Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

37.     Overall, Plaintiff's experience as a Site Manager who worked for Defendant is typical of that of the Class.

38.     Specific job titles or job duties of the Class do not prevent collective treatment.

39.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATION

40.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein. Plaintiff brings this action on behalf of

himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

41.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they was not compensated for all of these hours in accordance with the FLSA.

42.     The Members of the Class are similarly situated because they were all employed as Site Managers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its Site Managers for all of the overtime hours that they worked in accordance with the FLSA.

43.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

44.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

45.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)      Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of the FLSA putative class, apprising them

of the pendency of this action and permitting them to assert timely

FLSA claims in this action by filing individual consent to sue forms

pursuant to 29 U.S.C. § 216(b);

(c)       Equitable tolling of the statute of limitations from the date of the

filing of this complaint until the expiration of the deadline for filing

consent to sue forms under 29 U.S.C. § 216(b);

(d)      Leave to add additional plaintiffs by motion, the filing of written

consent forms, or any other method approved by this Court;

(e)      Judgment against Defendant for an amount equal to the unpaid

overtime wages of Plaintiff and of opt-in Members of the Class at the

applicable overtime rate;

(f)       A declaratory judgment stating that the practices complained of herein

are unlawful under the FLSA;

(g)      Judgment against Defendant for an amount equal to the unpaid back

wages of Plaintiff and of opt-in Members of the Class at the applicable

overtime rate as liquidated damages;

(h)      Judgment against Defendant, stating that its violations of the FLSA

were willful;

(i)       To the extent liquidated damages are not awarded, an award of

prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 22nd day of August, 2016.

Respectfully submitted,

**DONNA V. SMITH**
Georgia Bar No. 723192
Florida Bar No. 0661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: dsmith@wfclaw.com
Email: tstrawter@wfclaw.com
**Attorneys for Plaintiff**