## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **BTI, Inc.** (hereinafter referred to as "**Defendant**"), for itself and its division, subdivisions, parents, and affiliates, and **George Publicover**, (hereinafter referred to as "**Plaintiff**").

WITNESSETH:

**WHEREAS, PLAINTIFF** was employed by BTI, Inc.;

**WHEREAS,** on or about August 22, 2016, Plaintiff instituted a civil action in the United States District Court for the Northern District of Georgia, George Publicover v. BTI, Inc., Civil Action No. 1:16-CV-03069-RWS (hereinafter "the Civil Action") and

**WHEREAS, PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act ("FLSA"); and seeks damages for back pay, liquidated damages, attorney's fees, costs and other relief; and

**WHEREAS, DEFENDANT** have denied and continue to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANT** assert that there is no factual or legal basis for the allegations in the Civil Action; and

**WHEREAS,** the Agreement constitutes a good faith settlement of disputed claims; and

**WHEREAS,** the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **DEFENDANT**, or any of its officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, DEFENDANT and PLAINTIFF agree as follows:

## CONSIDERATION

1.

DEFENDANT will cause to be paid to PLAINTIFF and his attorneys the total of Twelve Thousand Five Hundred Dollars ($12,500.00) (the "Settlement Amount"). The Settlement Amount consists of the following: (1) Two checks written in the amount of Three Thousand One Hundred Twelve Dollars and Fifty Cents ($3,112.50) each made payable to George Publicover for a total of Six Thousand Two Hundred Twenty Five Dollars and No Cents ($6,225.00) ("Amount Due to Plaintiff") from which legal deductions shall be made from one check and an IRS Form W-2 shall issue and no deductions shall be made from the second check and an IRS form 1099 shall issue for the second check as it represents liquidated damages, and (2) One check in the amount of Six Thousand Two Hundred Seventy Five Dollars and no cents ($6,275.00) representing fees and costs and made payable to Wenzel Fenton Cabassa P.A. ("Amount Due to Attorney"). The Settlement Amount shall be delivered to Wenzel Fenton Cabassa P.A. no later than September 30, 2016, provided the Court has approved the settlement and the seven days period described in Paragraph 18 has expired.

2.

Plaintiff and his attorneys agree to provide a completed Form W-4 and W-9 prior to payment. The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims

between the parties for monetary, legal and equitable relief, interest, liquidated damages, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been sent forth in the Civil Action. Except as expressly provide for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

## DISMISSAL OF ACTION

3.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A".

## WAIVER AND RELEASE OF ALL CLAIMS

4.

**PLAINTIFF**, for himself, his attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever release and discharges **DEFENDANT** and all of its present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which she has or may have against them rowing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **BTI, INC.**, or (b) any other matters or things occurring or existing at any time prior to the execution of

the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to his employment with **DEFENDANT**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** represents that he is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which he has or may have against **BTI, INC.**, at this time, whether or not related to his employment. **PLAINTIFF** further agrees and acknowledges that **DEFENDANT** is relying upon this representation in entering into this Agreement. Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, The Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Noting in this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

5.

**PLAINTIFF** also specifically releases and waives and claims he may have as of the date of execution of this Release against **BTI, INC.** for any claim of age discrimination under the federal Age Discrimination in Employment Act ("ADEA"), as amended, or any state or local law

4

prohibiting age discrimination, except that **PLAINTIFF** does not waive his right to challenge the knowing and voluntary nature of the release.

6.

**PLAINTIFF** represents and warrants that Donna V. Smith is, and has been, the sole attorney for him with respect to the Civil Action, and all claims set forth herein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANT** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANT** could be liable in connection with the Civil Action.

## WARRANTY

7.

**PLAINTIFF** represents and warrants that he alone is entitle to assert any claim he may have against **DEFENDANT** of any kind or character arising out of, or as a consequence of, his employment with **DEFENDANT** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and warrants that he is fully authorized to enter into this Agreement and that he has not transferred or assigned any right to any claim or recovery against **DEFENDANT**. **PLAINTIFF** agrees to indemnify and hold **DEFENDANT** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on her behalf against **BTI, INC.**, or by reason of any such transfer or assignment, as described in this Paragraph, and further agrees to indemnify and hold **DEFENDANT** harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

8.

**PLAINTIFF** affirms that the only consideration for his agreement to execute, and him execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its full and binding effect; that he has been advised to consult with legal counsel prior to executing the Agreement; that he has had a reasonable period of time within which to consider the Agreement; and that he has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

9.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF** or **DEFENDANT**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANT**, the entire outstanding principal balance shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

10.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## CONFIDENTIALTY AND NON-DISPARAGEMENT

11.

PLAINTIFF agrees and promises that unless required by law to do so, he will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages BTI, INC.'s reputation or business. PLAINTIFF agrees that he will not discuss the terms of this Settlement Agreement with others and if asked will say only that "the case has been resolved satisfactorily." DEFENDANT agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages GEORGE PUBLICOVER. In addition to confidentiality as described herein, the Parties mutually agree that they shall not make any statements regarding the other that, in the view of a reasonable person, constitute or cast a disparaging or negative light on the other.

## JUDICIAL APPROVAL OF SETTLEMENT

12.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payments described in Paragraph 2 of this Agreement will be disbursed to PLAINTIFF until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

13.

PLAINTIFF agrees to voluntarily withdraw any and all administrative complaints and/or charges he has filed against BTI, INC., and which are presently pending before any administrative body, to the extent there are any.

14.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

15.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such valid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

16.

This Agreement inures to the benefit of **DEFENDANT** and its successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by **DEFENDANT'S** successors and assigns.

## JURISDICTION AND VENUE

17.

The parties agree that the United States District Court for the Northern District of Georgia, may retain and exercise jurisdiction to enforce the terms of this Settlement Agreement.

## NOTICE TO EMPLOYEE OF RIGHTS UNDER THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, PERIOD TO CONSIDER AGREEMENT AND RIGHT TO REVOKE AGREEMENT

18.

The Agreement means, in part, that PLAINTIFF gives up his right to assert a claim seeking damages or money based on claims of age discrimination against DEFENDANT, if the age discriminations claims arose before PLAINTIFF signed the Agreement. PLAINTIFF has the right to revoke (that is, cancel) the Agreement within seven (7) days of the date he signs the Agreement. If PLAINTIFF revokes the Agreement, then the Agreement shall become null and void, meaning PLAINTIFF will not receive the payments and other things set forth in the Agreement. To be effective, your revocation must be in writing and returned to Robert E. Rigrish, 3490 Piedmont Road NE, Suite #1400, Atlanta, Georgia 30305 within seven (7) days of the date you sign the Agreement. If by mail, the revocation must be (1) postmarked within the seven-day period, (2) properly addressed, and (3) sent by regular and electronic mail addressed to rrigrish@brawwlaw.com. PLAINTIFF agrees that the money described in Paragraph 2 of this Agreement is consideration to which you would not otherwise be entitled without signing the Agreement, and that this consideration constitutes payment in exchange for signing the Agreement.

PLAINTIFF acknowledges that he has been given no less than twenty-one (21) calendar days to consider this Agreement, that he has been advised to consult with an attorney prior to signing it, that you have in fact consulted with an attorney prior to signing it, and that his signing of the Agreement is completely voluntary.

**IN WITNESS WHEREOF**, the undersigned have hereunto set their hand and seal this 21 day of September, 2016.

_____
George Publicover

John Morris by: _____ with express authorization
BTI, Inc.
By: John Morris
Vice President, Human Resources

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE PUBLICOVER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BTI, Inc. )<br>)<br>Defendant. ) | CIVIL ACTION<br>NO.: 1:16-CV-03069-RWS |

## **STIPULATION OF DISMISSAL WITH PREJUDICE**

COME NOW, Plaintiff and Defendant, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), agree to the dismissal with prejudice of this action, with each party to bear its own respective costs.

| | |
|---|---|
| BODKER RAMSEY ANDREWS<br>WINOGRAD & WILDSTEIN, P.C. | WENZEL FENTON CABASSA, P.A. |
| _____<br>Robert E. Rigrish<br>Georgia Bar No. 605573<br>One Securities Centre, Suite 1400<br>3490 Piedmont Road, NE<br>Atlanta, Georgia 30305-4808<br>(404) 351-1615 Telephone<br>(404) 352-1285 Facsimile<br>rrigrish@brawwlaw.com | _____<br>Donna V. Smith<br>Georgia Bar No. 723192<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>(813) 386-0995 Telephone<br>(813) 229-8712 Facsimile<br>dsmith@wfclaw.com<br>tstrawter@wfclaw.com |
| **COUNSEL FOR DEFENDANT** | **COUNSEL FOR PLAINTIFF** |